**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY MARTEN, | ) | |
| Plaintiff, | ) | Civil Action No. 08-77Erie |
| | ) | |
| v. | ) | |
| | ) | |
| DALE HUNT, | ) | Magistrate Judge Susan Paradise Baxter |
| Defendant. | ) | |

**MEMORANDUM OPINION**[1]

Magistrate Judge Susan Paradise Baxter

**A.      Relevant Procedural History**

On March 18, 2008, Plaintiff, a prisoner incarcerated at SCI-Albion in Albion, Pennsylvania, filed the instant action claiming that he had been the victim of myriad acts of retaliation by several named Department of Corrections' Defendants. Following dispositive motions, the only remaining Defendant to this action is Correctional Officer Dale Hunt and the only retaliation claims remaining against him are:

   a.   October 16, 2007 – at 10:30 am while Plaintiff was on cell restriction, he pushed the call button to shower, but Defendant shut off the call button and refused to let Plaintiff shower. Ten minutes later, Sergeant Zintz instructed Defendant to let Plaintiff shower.

   b.   October 16, 2007 – at 12:13 pm, Defendant conducted a general cell check. Defendant tells Plaintiff "I'm going to continue doing what I'm doing until

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 7, 18.

1

you're locked up." Defendant closed Plaintiff's cell door with "extreme force," and "then looked through the cell door window and smiled."

c. October 25, 2007 – Defendant entered Plaintiff's cell and ordered him to withdraw the two grievances. Defendant warned that if Plaintiff refused, he would have Plaintiff locked up for threatening an officer.

d. October 26, 2007 – Defendant issued Plaintiff a fabricated misconduct which the hearing examiner ultimately dismissed.

e. October 27, 2007 – Defendant entered Plaintiff's cell while Plaintiff was on the toilet, and stated "once you are locked up I will enjoy myself while archery hunting in Crawford County." Then, Defendant took Plaintiff's toilet paper roll stating "Let's see you do without this."

f. On November 9, 2007, Defendant kicked Plaintiff's cell door while Plaintiff was sleeping in order to wake him up. Then Defendant looked through the door, staring and smiling.

g. November 10, 2007 – Defendant intentionally spilled coffee on the floor of Plaintiff's cell, saying "Oh, well, file another grievance."

See ECF Nos. 32 and 61.

A jury trial in this case is scheduled to begin March 8, 2011. Pretrial narrative statements have been filed, and writs and subpoenas have been issued. The Commonwealth has filed an eleventh-hour "Motion for Judgment as a Matter of Law Prior to Selection of a Jury in Favor of Defendant." ECF No. 78. Plaintiff has filed an Opposition Brief [ECF No. 81] and this Court held oral argument on the motion on February 25, 2011. Thereafter, Defendant filed a Supplement to his Motion. ECF No. 82.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). In order to state a *prima facie* case of retaliation, a prisoner plaintiff must demonstrate: 1) the conduct in which he was engaged was constitutionally

2

protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.  Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[2]  I have previously held that Plaintiff has stated a *prima facie* case as to all seven of the remaining claims.

Recently, the Third Circuit held that a false misconduct is not sufficient to meet the adverse action requirement of a retaliation case.  Brightwell v. Lehman, ___ F.3d ___, ___, 2011 WL 635274, at * 5 (3d Cir. Feb.9, 2011) ("[F]iling a false report that was dismissed […] does not rise to the level of 'adverse action' because it would not be 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.' Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).").  Therefore, the claim (d) must be dismissed.

Additionally, claims (a), (b), and (e) – (g) are dismissed as they, without more, are insufficient to satisfy the adverse action prong of Plaintiff's case.  See Fischl v. Armitage, 128 F.3d 50, 55 (2nd Cir. 1997) ("Mere allegations of verbal abuse, threats, or defamations by a correctional officer to a prisoner are not cognizable in a Section 1983 action."); McKnight v. Bucks County Dep't of Corrs., 2008 WL 4771845, at *3 (E.D. Pa. 2009) ("Plaintiff may obtain relief under § 1983 if the verbal threats are accompanied by a reinforcing act."); Burgos v.

---

[2]  Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities.  Carter, 292 F.3d at 158.  "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.  Here, the Commonwealth does not argue that Defendant Hunt's actions were taken for any legitimate penological interest.

3

Canino, 641 F.Supp.2d 443, 456 (E.D. Pa. 2009) ("[U]se of words, including threats and verbal harassment, does not constitute actionable adverse action."); Gay v. City of Philadelphia, 2005 WL 1844407, at *5 (E.D.Pa. 2005) (allegation that defendant threatened plaintiff, without any accompanying allegation that defendant carried through on threat, was not adverse action).

The only remaining claim is claim (c) – that on October 25, 2007, Defendant ordered Plaintiff to withdraw two grievances filed against him on October 15th and 16th. The Commonwealth argues that Defendant should be entitled to qualified immunity as to this claim.[3] Because the legal precedent regarding a prisoner's constitutional right to be free from retaliation has been well established within this Circuit for many years, (Carter, 292 F.3d 152 (3d Cir. 2002); Rauser, 241 F.3d 330 (3d Cir. 2001)), a reasonable government officer would be on notice of the legal parameters of a retaliation claim. Accordingly, qualified immunity does not shield Defendant Hunt from the remaining claim of retaliation.

An appropriate Order follows.

---

[3] I note that the Commonwealth has not raised the argument of qualified immunity in their two previous dispositive motions.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY MARTEN,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 08-77Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DALE HUNT,** | ) | **Magistrate Judge Susan Paradise Baxter** |
| **Defendant.** | ) | |

O R D E R

AND NOW, this 28th day of February, 2011;

IT IS HEREBY ORDERED that Defendant's Motion for Judgment as Matter of Law Prior to Selection of a Jury [ECF No. 78] is granted in part and denied in part. Claims (a), (b), and (d) − (g) are dismissed and Claim (c) will proceed to trial.

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge